ABIJAH HURLBUTT *against* JONATHAN and ISAAC MEACHUM and PETER CRAMMER.

APPEAL from a Freehold Court.

In this cause, at the Court below, the Jury found all the defendants *guilty*. *Isaac Meachum* alone appealed; and when the cause was called in order, the other two defendants proceeded to plead by their attorneys.

*Langdon*, for the complainant, objected, and insisted, that *Jonathan Meachum* and *Crammer* were not in Court; that by neglecting to appeal they had submitted to the verdict in the Freehold Court, with which they must rest satisfied.

That whenever a party appeals from any Court, he must enter a recognisance to prosecute to effect, and to respond costs and intervening damages. These persons had entered no such recognisance as is provided generally by the 3d section of the judiciary act, and more especially by the 9th section of the act against forcible entry and detainer, upon which this process is founded.

*Chipman, e contra.* The act against forcible entry and detainer seems to contemplate only one defendant; as in the latter clause of the first, and in the 2d, 5th, 6th, 7th, and 8th sections, and in the 9th section, which gives the right of appeal, one defendant alone is contemplated. The words are, " That if either party in a prosecution on this act shall think *him or herself* aggrieved with the determination of the Justices aforesaid, *he or she* (*not they*) shall have

*When two or more are made defendants under the processes provided in the act against forcible entry and detainer, and all are found guilty and one appeals, it will be considered by the Court that he appeals for the other or others.*

*Vermont* Stat. vol. 1. p. 53, and 218.

Ib. p. 215. *et seq.*

*Hurlbutt v. Meachum and Crammer.* liberty to appeal." The case of a plurality of defendants is therefore a *casus omissus* in the statute, and the practice in such case must be governed by the sound discretion of the Court.

It certainly appears necessary, in the practice under the act, that the defendants found guilty in the Freehold Court, should, on appeal, be brought *conjointly* into this Court, that the writ of restitution may go to remove all from the premises.

Further. If two of the defendants are found guilty in the Freehold Court, and one appeals, the Justices cannot award a writ of restitution as against the two, or tax costs and issue an execution against them separately from the one who has appealed. The form *Vermont* Stat. of the writ of execution, as prescribed by the statute, combines the execution for costs with the writ of restitution, and it cannot issue until subsequent to the final judgment.

*vol. 2. 363.*

## Opinion of the Court.

*Curia.* When two or more are made defendants under the processes provided in the act against forcible entry and detainer, and all are found guilty, and one appeals, it will be considered by the Court that he appeals for the others.

The defendants have leave to file their pleas.*

*Langdon,* for complainant.
*Chipman,* for defendants.

---

* Might not the Court have ruled, that the defendants, *non appellantibus,* should have entered bail for costs, &c. before they were admitted to plead?